HARRIS, J.,
delivered the opinion of the Court.
Complainants filed their attachment bill in the Chancery Court at Dyersburg against Wells and Davis, in which they charge that they sold and delivered to Wells, in December, 1855, a bill of lumber to be used in making an addition to his house, situate on a tract of land belonging to said Wells, in the county of Dyer; that said Wells, on the 25th day of April, 1856, conveyed said land to defendant Davis, which conveyance was regularly registered; that their debt against Wells for the lumber is due and unpaid, and that they are entitled to a lien on said land for the payment of the same, to enforce which this bill is brought and the land was attached.
The defendants demurred to the bill; their demurrer was allowed by the Chancellor, and the bill dismissed. Complainants then exhibited their amended and supplemental bill, and asked leave of the Court to file the same, which was refused by the Court, and the complainants have brought the cause before this Court by appeal.
*389 The only question presented is, are the complainants entitled to the relief prayed for upon the charges set forth, either in the original or supplemental bill ?
We think not. The 1st section of the act of 1846, Nicholson’s Supplement, 222, gives to the mechanic or undertaker a lien on a lot or tract of land for his work done in constructing, building, or repairing, either in whole or in part, and for furnishing materials or any part of the materials in the construction, building, or repairing of any house, fixtures, or improvements, or for any work upon said house, either by finishing off the same, painting, ornamenting, or otherwise, upon said lot or tract of land. The lien given in this section is confined exclusively to the mechanic or undertaker who, by special contract with the owner of the lot or tract of land, undertakes the construction, building, or repairing of the house, and does not extend to and embrace other persons who may furnish the owner with lumber or other materials for the construction of the house: they stand upon the same footing with his other creditors. The 2d section of the act extends the same lien to the journeymen workmen of said mechanic or undertaker, and such other person or persons as may be employed by or under him to do any part of said work or furnish any of said materials, who shall be authorized to enforce the same in preference to said undertaker, provided he give notice in writing of said lien to the owner of said lot, etc., at the time the work is begun or materials furnished by said journeyman or other person.
Complainants are within neither of these provisions: they are neither mechanics who have worked upon the house, nor are they undertakers for its construction, nor *390 have they furnished materials to the mechanic or undertaker and given the owner notice, as required hy the statute. They have simply sold the owner a hill of lumber, for which the statute gives them no lien, and they stand as other creditors of the owner. See Greenwood et al. vs. Tennessee Manufacturing Company, 2 Swan, 130.
The decree of the Chancellor dismissing the hill is correct, and will he affirmed.